UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


EUGENE E. KONOPKO,               )
                    Plaintiff    )
                                 )
                                 )
    v.                           )     Civil Action No. 05-30164-MAP
                                 )
                                 )
WESTFIELD HOUSING AUTHORITY,     )
                    Defendant    )


## REPORT AND RECOMMENDATION FOR SUMMARY
## DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)[1]
July 8, 2005

NEIMAN, U.S.M.J.

Eugene E. Konopko ("Plaintiff"), proceeding *pro se*, has submitted for filing a civil

rights complaint against the Westfield Housing Authority.  Together with his complaint,

Plaintiff has filed an application for leave to proceed *in forma pauperis*.

The court has determined that Plaintiff is unable to pay the costs of commencing

the action.  Accordingly, leave to proceed *in forma pauperis* is granted pursuant to the

provisions of 28 U.S.C. § 1915(a).  However, a summons has not issued in order to

allow the court to review Plaintiff's complaint to determine whether it satisfies the

requirements of the federal *in forma pauperis* statute.  For the reasons stated below,

the court concludes that it does not.

---

[1] This matter has been referred to the court for a report and recommendation
pursuant to Rule 3 of the Rules for United States Magistrates in the United States
District Court for the District of Massachusetts.  *See* 28 U.S.C. § 636(b)(1)(B).

<u>DISCUSSION</u>

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." *Mobley v. Ryan*, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)). *See Maldonado v. Maldonado*, 1997 WL 786585 (E.D. Pa. Dec. 11, 1997) (similar). *See also Bolden v. Mixa*, 2001 WL 1356133, at *1 (N.D. Ill. Oct. 31, 2001) (holding that where there is "no subject matter jurisdiction" *in forma pauperis* actions "must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)"). The Supreme Court has also held that courts may dismiss *in forma pauperis* complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (quoting *Neitzke,* 490 U.S. at 327). *See also Street v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990).

Here, the court will recommend that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, the court is aware that the allegations in the complaint must be taken as true. *Estelle v. Gamble*, 429 U.S. 97 (1976). Moreover, the court has been careful in reviewing the allegations

insofar as they are made by a *pro se* complainant. *See Haines v. Kerner*, 404 U.S. 519 (1972). Unfortunately for Plaintiff's cause, however, there is absolutely nothing in the complaint which justifies its being brought in this court.

To be sure, Plaintiff describes his complaint in the civil cover sheet as a "civil rights" action, even though the "cause of action" is described as "Violation [of] the State Sanitary Code." Indeed, the body of the complaint asserts that the failure of the Westfield Housing Authority to paint his apartment has resulted in unsanitary conditions. Anyway one looks at it, this does not amount to a civil rights action over which the court would have jurisdiction.

Plaintiff is well aware of this problem. In recent years, he has filed at least two other cases alleging administrative failures by the Westfield Housing Authority. One was withdrawn at the request of Plaintiff. *See* Civil Action No. 03-30221-MAP. The other was similarly dismissed at Plaintiff's request. *See* Civil Action No. 03-30271-KPN. Thus, Plaintiff knows well that his ongoing administrative complaints against the Westfield Housing Authority are not of constitutional proportions.

## CONCLUSION

The court ought not sanction any further waste of its own resources, let alone the resources of the Westfield Housing Authority, at least in this forum. Accordingly, insofar as Plaintiff's complaint fails to satisfy the requirements of 28 U.S.C. § 1915(e)(2), the court recommends that it be DISMISSED.[2]

---

[2]  Plaintiff is advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and

3

DATED:  July 8, 2005

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

the basis for such objection.  Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).